UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDALL S. BARNUM; ADA COUNTY; ADA COUNTY PUBLIC DEFENDER'S OFFICE; and ANTHONY R. GEDDES,<br><br>    Defendants. | Case No. 1:24-cv-00185-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Michael T. Hayes is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 9.

Plaintiff has now filed an Amended Complaint. Dkt. 10-1. The Court retains its screening authority under 28 U.S.C. § 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.    Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**2.    Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. He challenges his defense attorney's actions during an August 29, 2022 preliminary hearing on state criminal charges. As the Court explained in the Initial Review Order, such claims generally are subject to dismissal under one of two doctrines. *See* Dkt. 9 at 3–5.

First, the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 46 (1971), requires dismissal (except in rare circumstances) of civil rights cases challenging pending state court criminal proceedings. Plaintiff has clarified in the Amended Complaint that there are no pending state criminal proceedings. Thus, *Younger* does not apply.

Second, a claim that challenges a criminal defense attorney's representation as unconstitutional must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), if success on the claim would necessarily imply the invalidity of a plaintiff's conviction or sentence. Before a plaintiff may proceed on such a claim, he must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. Thus, the Court previously instructed Plaintiff to "disclose the status of the state criminal charges discussed in the Complaint and explain how those charges relate to his current incarceration." *Init. Rev. Order* at 5. Plaintiff has failed to do so.

Plaintiff has not shown that the charges for which the preliminary hearing was held were dismissed, that he was acquitted at trial, or that the criminal proceedings against him were otherwise terminated in his favor. Indeed, it appears he was convicted of the aggravated battery charge that was the basis for the preliminary hearing he challenges. *See Ada County iCourt Database*, https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (showing preliminary hearing date of Aug. 29, 2022, and showing conviction after trial for aggravated battery) (accessed Oct. 31, 2024); *IDOC Resident/Client Search*, https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/20633 (showing conviction for aggravated battery) (accessed Oct. 31, 2024).

Plaintiff does not even contend that the state court criminal proceedings against him were favorably terminated, as required by *Heck*. Instead, Plaintiff insists that, because he claims ineffective assistance of counsel during a *preliminary hearing*—not during trial—success on his claims would not call into question his conviction on the aggravated battery charge. Dkt. 10 at 2.

Plaintiff is mistaken. *Heck* applies to claims of error during a preliminary hearing on state criminal charges. *See Cuevas v. McCabe*, No. 1:21-CV-00055-DCN, 2021 WL

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3

4941633, at *1 (D. Idaho Oct. 22, 2021) (unpublished) (applying *Heck* in context of parole revocation claim that parole agent "illegally waived Plaintiff's preliminary hearing"). If Plaintiff's preliminary hearing was unconstitutional as a result of his attorney's ineffectiveness, then Plaintiff would not have been subject to trial and conviction. Therefore, success on Plaintiff's claims challenging his attorney's representation in the preliminary hearing would necessarily imply the invalidity of his conviction. Thus, this case must be dismissed under *Heck*.

### 3. Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 10) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be

granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 9), this entire case is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

DATED: November 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge